ON SUPERVISORY WRITS TO THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON PER CURIAM: h Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We attach hereto and make a part hereof the district court’s written reasons denying relief. Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam. | {Attachment [[Image here]] [[Image here]] [[Image here]] On January 24,2013,toe petitioner was convicted of LSA-K.S. 14:30.1,8*90114 degree munfcr. On January 31,2053,toocotaseaitettiredhimtol¡fo£digri!Kintpeat. Hisoonvtétfanwas attorned oaappeal. dita v, Start, 13-KA-453 (La, App. S Cir. 1/15/14), 134 So‘3d 1; writ denial, 2014-KQ-297 (La. 9/12/14) 147 So,3d 704, Petitioner now files an application fcr post-conviction relief, ailegtog-this Hallowing claims: 1. Ineffective assistance of counsel at trial An counsel f&Ueil to file a'motion to supplies search warrants. 2, Ineffective assistance of counsel at trial when trial couawl tailed to reject to hearsay identification. It in clear that the petitioner has a Sixth Amendment right to effective legal, Counsel. Under the well-hnown standard set out in Strtcklqnd v. Washington, 466 U.S, 66B, lM.S.Ct 2052,80 LEd2d 674 (1984). and State v. Washington, 491 So,2d 13Í7 IXb.1986), a/sonviottou must be levanted if the tiafeadaat proyes (1) that ooimsel's performance feli below on. objective Standard of reasonableness under prevailing profendoual nouns, and (2) counsel's inadequate performance prejudiced dBfen&mtto.too «Scat feat toe trial vms rendered uafelr and fen verdict suspect. Stott V. Legtand, 20024462 (La. 123/03), 864 SoJ2ti fiS. To be sueoeeafti’fe arguing a data of Ine&sdivo asslstenco of counsel, a pospeonvfcSon petitioner moat prove detiotent performance to too point that ootmsel is not ilraotiamng as counsel within the meaning of fee Sixth Amendment., A petitioner most also prrovo actual ■prejudice to fee point feat fee resulte of fee trial cannot be trusted. It la absolutely uuentid tint hoto prongs of tile áfrMtowflestnnist be established before retiefwlll bo-grastedby a reviewing court Purthetinore, there is a strong presumption feat counsel’s performance ⅛ within the wide range of effective representation. Effective counsel, however, dice not swan ottorjeaa counsel and fee reviewing court does not judge counsel’s perfbmxonbe with the distorting benefits of hmdsigljt, but rather determines whether oounsel was reasonably likely to render effective assistance.Sta v. Soler, 93-1042 (La.App. SA 4/26/94), 636 So2d 1069,1075. Mindfld of controlling federal and state jurispnidence, titis court now turna to toe spedfio claims of ineffective assistance made in toB instant application and argued in tits petitioner's memorandum in support, flbtim ⅛1 Petitioner claims feat counsel was ineffective for toiling to file a motion to suppress toe seatoh and arrest TheLotriskmaSapremeCkmttioeeutiyexpldhed, Its evaluating faoffectivo asdstance of «ninael claims baaed on a Allure to punuo it motion to suppress, courts normally regid» apetitionerto show toe overiooted motion to srqrpess would have been meritorious and toot tittle is a reasonabie probability toe jury would have reached a different vordlot absent the inftoduotioa of the ntdttwfM evidenoe, [[Image here]] -la. Ortk-Sandaval v. Clarice, 323 F.3d 1165, 1170 (⅝ Cir.2003) (crttog KSmmlman v Morrison, 477 U.S. 365, 106 S.Ct. 2574,91 L£d2t! 305 (1986)). Thru, if a reasonably competent attorney could have suppressed the evidence and ns a result, tho State would lavo dismissed tho charges, 8¡s petitioner may show a buds tor relief. See Northrop v. Trimtt, 265 VM 372,383-84 (6* C&2001) (an ban a ) (conviction vaoaied baaed on ineffective assistance: “(djuring his representation,, [counsel] taw that police had arguably seized Norttatp based upon no mm than an anonymous tip without ¡my supporting verifiable detail.,. Without tbs Inadmissible cocaine evidence, Michigan, would obviously have Med to meet to buiden of proving Northrop possessed &> cocaine,"); tita» v. Xehdmhaeh, 153 Washed 126, 101 P.3d 80, 87 (Wash2004) (because contraband was fltegally seized tee existed'no tatted tesis fe ⅛ move to suppress ⅛ counsel’s perfimnanee dearly prejudicial). State v. Zee, 2014-2374 (U. 9/18/15). Petitioner first argues tot counsel was ineffective far atorre to file a morion to suppress the evidence tound la petitioner's home and challenges the wanant Howfcver, as the State points out in its response, the detective presented evidence to the commissioner to justify a reasonable belief that petitioner committed the crime, end that evidence of the crane could be tound at the residence, especially considering that petitioner was seen leaving the residence minutes befbre the gunshots Wstu heard. Upon fto scroll, ammunition was recovered, establishing a nexus between tho crime and the residence, Probable cause was established. Furthermore, the louisiata .Supreme Court has held that as long es an officer acting in good fifth reasonably believes be is providing a magistrate with sufficient information for issuance oí a «arch warrant, suppression of evidence ⅛ not required due to a later finding of lack of probable Cause, State v. Lons, 2003-KK-2592 (La. 9/9/04), 884 Solid 1176. Henc% in this cose, even if with insufficient probable cause, there would bo no basis for a motion to supprerv, and any motion would bo without merit, Petitioner argues that counsel was .ineffective tor toilure tafite the motion to suppress the evidence fbttnd in petitioner’s vehiole. The finds no merit to, this drum, os toe officers presented evidence sufficient to establish probable cause that evidence of the crime could be &uud in petitioner’s vehicle, and insinuates that toe officers acted in bad fisto in presenting probable causo to the magistrate. Petitioner also argues that toe officers Searched too vehicle prior to altering toe search warrant As fto State points out k to tespcaiso, toe Fifth Circuit Court of Appeal hu held that* search of a suspect’» vehiole parked In front of a residence was valid pursuant to warrant authorizing the search of a residence: Based on our review of the application, too warrant and the jurisprudent», we find that defenttanfs «summit on tiris Issue is without merit Although toe affidavit on which ft* wsrnnt was based rete several times specific*! iy to the Monte Carlo, the warrant itself does not refer to any vehicles. However, a warrant mithotfetag the search of aparticnlariy described premises permits the seatoh of a vehicle located on toe_ premises targeted ⅛ too search and subject to. the authority of toe warrant State v. 'Smith, 02-1842, p, 1 (1*9/20/02),827So2d 1122,1123 (percuriam)]Statev. Carter, 10-973,p, 8 (LaApp. 5 Cir. 8/30/H), 75 So3d 1,5. The rationale behind this holding is that too vehicle is capable of concealing toe sought-after contraband. Id, Accordingly, toe search of dofea&cfs vehicle waa wild pwsunnt to the warrant since it was parted in fiont of the residence which was the uugot of ton search Bnd which waa partiedtariy described in toe wanant This assignment of error iswithout merit Safe v, Washington, 11-716 (L* App. 5 Cir, .3/13/12), 90 So. 34 1157, U6I (I* Ct App. 2012). Hence, sirs' motion fihad to contest tin search of toe vehicle would be without merit Petitioner tofts to meettoe Stricldaud requirements tor proving ineffective assistance of counsel, ss he Ms to toowtoatcouhsel acted deficiently, ortoat any prejudice Desalted. ⅝⅜ Petitioner data that counsel wss ineffective fto totting to object to hearsay identification testimony of Detective Goff during too hearing on toe Motion, to Suppress ’Identification and at trial. Regarding toe hearing on toe Motion to Suppress Identification, hearsay evidence is admissible. State V. Chisolm, 12-2278 (t* 10/22/12), 99 So.3d48. Jl Kegaidteg the testimony of presented at trial, ñuto La. C.E; at 801(05(1X4 a statement is not hearsay if,., the declarant testifies at the trial or hearing and is subject to cross-oxamanKtion concerning tho stet&mao^ and tí» statement is one of identification of a person made after perceiving tho person. As such, die statements made by pet Goff at trial are statutorily not hearsay, The court finds no deficiency in counsel’s performance‘in not objecting to fifis testimony, as any objection would itave'olearly been overruled and without matt. Furthermore, petitioner feita to prove preludies. Under LSA-C.Cr,P. art 930,2, die petitioner in an application for past-conviction relief shall have the burden of proving that relief should bo granted. Tho petitioner has not presented sufficient evidence in support of any of these claims, and thus he? ndttoot his burden. Under LSA-C,Gr,P, art, 929, if the court determines that the factual and legal issues ctn he resolved based upon application and answer, and supporting documents, tho court may grant or deny relief1tátbout proceedings. [[Image here]] [[Image here]]